UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOVANNY SANCHEZ LOPEZ,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>                              Respondents. | Case No.:  26-CV-4278 JLS (JAC)<br><br>**ORDER GRANTING IN PART PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Yovanny Sanchez Lopez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 4).  Petitioner did not file a traverse.  *See generally* Docket.  For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a citizen of Mexico, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since July 5, 2026.  Pet. ¶ 96. Petitioner entered the United States without inspection in 2004 and has never encountered immigration authorities.  *Id.* ¶¶ 85–88.  Petitioner was arrested on June 29, 2026, when he

1

was detained at a traffic stop in Sarasota, Florida. *Id.* ¶ 88. Petitioner alleges that his detention without an administrative warrant or pre-deprivation hearing violates the process set out in 8 U.S.C. § 1226(a). *Id.* ¶¶ 100–18.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues, and Respondents do not contest, that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See generally* Pet.; Ret. However, the Parties disagree as to whether a bond hearing or release is warranted in this case. *See id.* The Ninth Circuit held that unadmitted non-citizens present in the interior of the United States are subject to 8 U.S.C. § 1226 and are not subject to 8 U.S.C. § 1225. *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th --- (9th Cir. July 30, 2026). Respondents acknowledge that Petitioner "is an unadmitted alien present in the interior of the United States" and therefore "is subject to detention under 8 U.S.C. § 1226(a)." Ret. at 1. Respondents do not oppose an order directing a bond hearing to be held pursuant to 8 U.S.C. § 1226(a). *Id.* at 1–2. Petitioner argues that he should be released based on a failure to issue an administrative

26-CV-4278 JLS (JAC)

warrant pursuant to § 1226(a).  *See* Pet. ¶¶ 100–10.  Respondents provide evidence that an administrative warrant was provided on June 28, 2026.  *See* Ret., Ex. 1.

The Court finds that a bond hearing is the appropriate remedy as Petitioner was provided an administrative warrant.  As Respondents agree and do not oppose an order directing a bond hearing, the Court **GRANTS** the Petition to the extent it seeks a bond hearing pursuant to § 1226(a).

<b>CONCLUSION</b>

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance.  Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.

The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing or informing the Court of Petitioner's request for a continuance by <u>September 8, 2026</u>.  The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  August 11, 2026

Hon. Janis L. Sammartino
United States District Judge

3

26-CV-4278 JLS (JAC)